UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JOHN C. PONTE,
100 Centerville Road, Suite 1
Warwick, RI  02886,

Plaintiff,

vs.

FEDERAL DEPOSIT INSURANCE
CORPORATION
550 17th Street, NW
Washington, DC 20429;

Case No.:

MARTIN J. GRUENBERG, in his official
capacity as Chairman of the Federal Deposit
Insurance Corporation
550 17th Street, NW
Washington, DC 20429;

TRAVIS HILL, in his official capacity as
Vice Chairman of the Federal Deposit
Insurance Corporation
550 17th Street, NW
Washington, DC 20429;

MICHAEL J. HSU, in his official capacity as
Director of the Federal Deposit Insurance
Corporation
400 7th Street, NW
Washington, DC 20429;

ROHIT CHOPRA, in his official capacity as
Director of the Federal Deposit Insurance
Corporation
1700 G Street, NW
Washington, DC 20552;

JONATHAN McKERNAN, in his official
capacity as Directors of the Federal Deposit
Insurance Corporation
550 17th Street, NW
Washington, DC 20429, and

1

JENNIFER WHANG, in her official capacity
as Administrative Law Judge for the Office of
Financial Institution Adjudication
3501 North Fairfax Drive, Suite VS-D8116
Arlington, VA 22226,

Defendants.

## VERIFIED COMPLAINT FOR
## INJUNCTIVE, DECLARATORY, AND RELATED RELIEF

### PRELIMINARY STATEMENT

In the past two terms, the Supreme Court of the United States has provided lower courts with binding precedent and agencies with direction requiring that: 1) structural constitutional claims be permitted to be heard in district courts; 2) jury trials, which may only occur in Article III courts, be available for actions at law, including for penalties and damages; and 3) agencies' interpretations of law not receive deference. Despite this, Defendants have continued to subject Plaintiff, John C. Ponte ("Ponte") to an endless and unlawful administrative process. Therefore, Ponte brings this Complaint for injunctive, declaratory, and related relief.

### BACKGROUND

1.     This action arises from Defendant, Federal Deposit Insurance Corporation's ("FDIC") attempt to subject Ponte to an administrative enforcement proceeding in violation of Articles II and III of the United States Constitution, respectively, and the Due Process Clause of the Fifth Amendment.

2.     On April 14, 2023, the Supreme Court held in *Axon Enterprise*, *Inc. v. FTC* and *SEC v. Cochran*, 598 U.S. 175 (2023) ("*Axon/Cochran*"), that a party's constitutional defenses against agency enforcement, like those raising separation of powers concerns, challenging the structure of an agency, or even its existence, are outside of an agency's "'competence and expertise.'" *Id.* at 188 (quoting *Free Enter. Fund v. PCAOB*, 561 U.S. 477, 491 (2010)); *Id.* at 185-

89. Thus, a district court is vested with jurisdiction to review such claims. *Id.* at 189.

3.      On June 27, 2024, the Supreme Court held in *SEC v. Jarkesy*, 144 S. Ct. 2117 (2024), that when an agency seeks civil penalties against a defendant, the Seventh Amendment is implicated, and he is entitled to a jury trial in an Article III court. *Id.* at 2127-39. The wider import is that actions that are actions at law entitle a defendant to a jury trial in an Article III court.

4.      On June 28, 2024, the Supreme Court held in *Loper Bright Enterprises. v. Raimondo* and *Relentless v. Dep't of Com.*, 144 S. Ct. 2244 (2024), that courts may not apply the *Chevron* doctrine and defer to an agency's interpretation of the law when a statute is silent or ambiguous. Instead, courts must exercise their "independent judgment in deciding whether an agency has acted within its statutory authority." *Id.* at 2273.

5.      With the foregoing backdrop, the purpose and intent of this legal action is to prevent FDIC, its directors, and its administrative law judge from continuing an unconstitutional enforcement proceeding against Ponte.

## PARTIES

6.      Ponte is a resident of the State of Rhode Island. Ponte is not now, nor was he at any time relevant hereto, an employee, officer, director or shareholder of any financial institution. The FDIC does not dispute this.

7.      FDIC is a duly organized and existing federal regulatory agency charged with, among other things, depositor insurance relative to financial institutions and/or regulation, examination, and compliance with regard to both federal and state-chartered banking institutions. The FDIC's principal place of business is in Washington, D.C.

8.      Defendant, Martin J. Gruenberg ("Gruenberg") is a natural person, who currently serves as Chairman of the FDIC. Gruenberg issued only in his official capacity.

9.      Defendant Travis Hill ("Hill") is a natural person, who currently serves as Vice

Chairman of the FDIC. Hill is sued only in his official capacity.

10.     Defendant Michael J. Hsu ("Hsu") is a natural person, who currently serves as the Acting Comptroller of the Comptroller of the Currency (the "Comptroller") and as an *ex officio* Member of the Board of Directors of the FDIC. Hsu is sued only in his official capacity.

11.     Defendant Rohit Chopra ("Chopra") is a natural person, who currently serves as the Director of the Consumer Financial Protection Bureau ("CFPB") and as an *ex officio* Member of the Board of Directors of the FDIC. Chopra is sued only in his official capacity.

12.     Defendant Jonathan McKernan ("McKernan") is a natural person, who currently serves as a Member of the Board of Directors of FDIC. McKernan is sued only in his official capacity.

13.     Defendant Jennifer Whang ("Whang") is a natural person, who currently serves as an Administrative Law Judge ("ALJ") with the Office of Financial Institution Adjudication ("OFIA"). She is sued only in her official capacity.

## JURISDICTION

14.     This Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1331 insofar as Ponte's claims arise under the Constitution. *See Axon/Cochran*, 598 U.S. at 195-96.

15.     This Court has authority to grant declaratory and other related relief under the Declaratory Judgment Act , 28 U.S.C. §§ 2201-02, and pursuant to its inherent equitable powers.

16.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because substantially all the events and/or omissions giving rise to the claim occurred in this District.

## FACTS

### I.     PRIOR PROCEEDINGS

17.     On or about February 13, 2023, the FDIC issued a Notice of Intention to Remove From Office and Prohibit From Further Participation, Notice of Charges for an Order for

Restitution, Notice of Assessment of Civil Money Penalties, Findings of Fact and Conclusions of Law, Orders to Pay, Notice of Hearing and Prayers for Relief (the "Notice"), *In re Robert* S. *Catanzaro, Danielle M. Desrosiers & John C. Ponte*, FDIC-22-0112e, FDIC-22-0113k, FDIC-220107e, FDIC-22-0108k, FDIC-22-0143b, FDIC-22-0109e and FDIC-22-0110k (the "Enforcement Proceeding") naming Ponte, among others, as a respondent.[1] Despite the fact that Ponte was never an employee, officer, director and/or shareholder of any financial institution, the FDIC unilaterally determined in the Notice, without any judicial declaration or other adjudication on the merits, that Ponte was an institution-affiliated party ("IAP") of an FDIC regulated financial institution, namely Independence Bank ("IB").[2] Ponte, however, did not so much as transact or otherwise conduct business with IB in his individual or personal capacity during any relevant time, nor did Ponte have any contractual relationship or other privity with IB.

18.    The counts in the Notice sound in Fraud, of false statements of either omission or commission and seek money damages and not the return of a *res* or imposition of a constructive trust.

19.    On or about February 13, 2023, the FDIC served the Notice upon Ponte.

20.    FDIC issued its first subpoena *duces tecum* to Ponte well before that, in or about May, 2020. The May 2020 subpoena indicated that it sought production of certain documents and/or items related to an ongoing FDIC inquiry and/or examination into certain of the conduct and/or activities of IB.  Upon information and belief, the FDIC's investigation into IB commenced prior to May, 2020.

---

[1] The FDIC has settled the Enforcement Proceeding relative to the other two named Respondents, Robert S. Catanzaro (a bank officer) and Danielle M. Desrosiers (a former bank officer), respectively. What remains is the Enforcement Proceeding as against Ponte for prohibition from banking (FDIC-22-0109e) and purported restitution (FDCI-22-0143b).

[2] IB is a Rhode Island state chartered financial institution located in East Greenwich, Rhode Island.

21.     It is undisputed by the Defendants that Ponte was not a director, shareholder, member or employee of IB. The sole allegation advanced by the FDIC in the Notice regarding jurisdiction is that he was somehow an IAP.

22.     Upon information and belief, between 2017 and 2019, the FDIC twice conducted a multi-day examination of IB relative to, among other things, IB's United States Small Business Administration Small Business Loan Advantage 7(a) Program (the "SBA Loan Program"), for which Ponte Investments, LLC acted as an independent originator of potential loan applications for IB. At all relevant times, Ponte was the Manager/Member of Ponte Investments, LLC ("Ponte Investments").  Further, upon information and belief, the FDIC never deemed or designated Ponte Investments or Ponte as an IAP of IB between 2017 and 2019.

23.     The FDIC has no jurisdiction over Ponte, who has never been determined to be either affiliated with IB or an IAP by any court or agency. Yet Ponte remains a named respondent in the Enforcement Proceeding despite the fact that to date the ALJ has not been able to determine that Ponte is an IAP – a necessary prerequisite for FDIC jurisdiction.

24.     On February 13, 2023, Whang was assigned as the ALJ for the Enforcement Proceeding.

25.     On or about March 2, 2023, pursuant to 12 C.F.R. part 308, Ponte filed his Objection to the Notice of Charges for an Order of Restitution & Request for a Hearing and Demand for Trial By Jury and an Objection to Notice of Assessment of Civil Money Penalties & Request for Hearing and Demand for Trial By Jury, respectively, in the Enforcement Proceeding.

26.     Thereafter, on or about March 3, 2023, Ponte timely filed his answer or other response to the Notice, again, in the context of the Enforcement Proceeding, always maintaining he was not an IAP.

27.     On or about March 21, 2023, Whang entered an Order granting Ponte's March 2, 2023 requests for hearing, but denying Ponte's demands for a jury trial.

28.     As of the date of this filing, Whang has entered 42 separate orders in the Enforcement Proceeding, which remains pending.

29.     On or about March 31, 2023, the FDIC made the Notice, including the FDIC's allegations adverse to Ponte, publicly available.

30.     Although Ponte strongly disagrees with the allegations and averments advanced against him by the FDIC in the Notice, the instant action has nothing to do with the merits of the Notice, including without limitation said allegations and averments.

31.     Instead, the present case relates solely to the facts that: 1) the FDIC is not empowered to bring enforcement actions before a jury or in an Article III court; 2) the relief FDIC seeks is entirely at-law in character and/or nature; 3) the structure of the FDIC violates the Constitution; and 4) Ponte is not subject to the jurisdiction of the FDIC and, as such, cannot be named as a respondent in the Enforcement Proceeding.

32.     The Enforcement Proceeding is unconstitutional for three distinct reasons:

a.     First, the structure of the FDIC's Board of Directors (the "Board") is unconstitutional because the President cannot remove a majority of its Members except for good cause shown. In *Seila Law LLC v. CFPB*, 591 U.S. 197 (2020), the Supreme Court held that the President of the United States must be able to remove, at will, the heads of independent agencies that are "vested with significant executive power." *See Seila Law*, 591 U.S. at 220 (citing *Free Enter. Fund*, 561 U.S. at 483). The FDIC wields significant executive power because it routinely conducts enforcement actions that have an enormous and incalculable impact on the livelihoods and reputations of

regulated parties, the national economy more generally, and, as in the case of Ponte, ordinarily unregulated parties. Accordingly, the limits on the President's power to remove Board Members violates fundamental separation-of-powers principles and renders the entire Enforcement Proceeding unconstitutional.

b.      Second, the "double for-cause protections" afforded to ALJs, like Whang, are unconstitutional. According to the United States Supreme Court, the President cannot "be restricted in his ability to remove a principal officer, who is in turn restricted in his ability to remove an inferior officer." *Free Enter. Fund*, 561 U.S. at 484. That is so because "double for-cause" removal protections for inferior officers of the United States violate the Take Care Clause of the Constitution. *Id.* at 484. ALJs – like Whang – are inferior officers of the United States. *See Lucia v. SEC*, 585 U.S. 237, 251 (2018). ALJs, like Whang, enjoy at least two levels of protection from removal: they can only be removed or fired if the Merit Systems Protection Board ("MSPB") determines that there is cause for termination, and the members of the MSPB, in turn, can only themselves be removed from their offices for cause. These protections are thus unconstitutional.

c.      And, third, the Enforcement Proceeding violates the Seventh Amendment to the Constitution because it deprives Ponte of his right to a jury trial. *See SEC v. Jarkesy*, 144 S. Ct. 2117 (2024). The Enforcement Proceeding here is nearly a carbon copy of *Jarkesy*, where the Supreme Court held that the petitioner was entitled to a jury trial, and not merely an "agency hearing," in a case where the Securities and Exchange Commission ("SEC") sought civil penalties. Here, the FDIC initially sought civil penalties and restitution against Ponte. *See* Notice at 48. After *Jarkesy* was decided, the

FDIC dropped the civil penalty demand and is proceeding on a demand for statutory restitution before the agency.[3] But as explained below, these recent machinations by FDIC to claim that its "penalties" are now somehow matters of equity, not law, are unavailing.

33.     This is not Ponte's first action against the FDIC based on agency adjudication against him. He first filed an action in the United States District Court for the District of Rhode Island in or about January, 2023, later amended, seeking injunctive and declaratory relief, including requesting a declaration that he was not subject to the FDIC's jurisdiction under the statute as he is not an IAP. *See Ponte v. FDIC*, No. 1:23-cv-00018-MSM-LDA (Dkt. 1). That suit was dismissed by the district court without prejudice. *See Ponte v. FDIC*, 673 F. Supp.3d 145 (D.R.I. 2023). The court there found that 12 U.S.C. § 1818(i)(1) divested it of jurisdiction over these jurisdictional and legal claims. *Id.* at 150-51 (and distinguishing *Burgess v. FDIC*, 639 F. Supp. 3d 732 (N.D. Tex. 2022) as Ponte had not made "exogenous" constitutional claims).

34.     Just weeks later, the Supreme Court decided *Axon/Cochran*. Thereafter, Ponte filed a new complaint on April 24, 2023, again in the United States for the District of Rhode Island and requested injunctive relief against the FDIC. *See Ponte v. FDIC*, No. 1:23-cv-00165-MSM-LDA (Dkt. 1). Like the petitioners in *Axon/Cochran*, Ponte asserted a "'here-and-now injury'" from being "hauled before an agency that [he] alleges is unconstitutionally structured." *Axon/Cochran*, 598 U.S. at 210 (Gorsuch, J., concurring in judgment) (first quotation quoting *Seila Law*, 591 U.S. at 212); *see* Compl., *Ponte v. FDIC*, No. 1:23-cv-00165-MSM-LDA ¶¶ 49-57.

35.     Nonetheless, the district court reviewed the constitutional claims made by Ponte

---

[3] On July 24, 2024, the FDIC filed its "Notice of Foregoing Claims for Civil Money Penalties" relative to Ponte in the Enforcement Proceeding. The implication being that the FDIC has withdrawn any claim for civil money penalties as against Ponte.

and determined that the language of § 1818(i)(1) precluded district court jurisdiction even after *Axon/Cochran*. *Ponte v. FDIC*, No. 23-cv-00165, 2023 WL 6441976, at *2 (D.R.I Oct. 3, 2023). This dismissal was also without prejudice. This time the court did not distinguish or even mention *Burgess*.

36.     The agency adjudication has proceeded before the ALJ without court intervention. In March, 2024, Ponte moved the ALJ for a determination that he is not an IAP of IB. On June 10, 2024, the ALJ denied Ponte's request and, in so doing, purported to find a number of disputed questions of material fact that she believed precluded the entry of summary disposition in Ponte's favor. *See* Order No. 32. In response, Ponte moved the ALJ for an interlocutory review of her denial of Ponte's motion for summary disposition by the FDIC's Board of Directors. On June 27, 2024, the ALJ referred Ponte's motion for interlocutory review to the Board of Directors for determination. *See* Order No. 35. That said, this case has proceeded as against Ponte for over a year without a determination, even by the ALJ, never mind an Article III court, of whether FDIC has jurisdiction over him.

37.     More troubling, the ALJ has indicated that the right to jury trial is not available to Ponte, *see* Order No. 38 (attached as Ex. 1), in contravention of the Supreme Court's ruling in *Jarkesy.* Ex. 1 at n.2. Ponte again objected. He also renewed his objection to the Notice of Charges, Request for Hearing, and again demanded a jury trial. *See* July 8, 2024 Renewed Objection (attached as Ex. 2).

38.     The FDIC requested a stay of proceedings for sixty (60) days to assess how the *Jarkesy* decision impacted the adjudication. The FDIC's request was denied.

39.     The ALJ also denied Ponte's post-*Jarkesy* request for jury trial with the ALJ finding it had no power to grant such relief. *See* Order No. 37 (attached as Ex. 3).

40.      After *Jarkesy* was decided, FDIC notified the ALJ that it was forgoing its claims for second tier monetary civil penalties in the amount of $74,000 against Ponte. *See* FDIC's Notice of Foregoing[4] Claims for Civil Money Penalties (July 24, 2024) (attached as Ex. 4). In doing so, FDIC stated that "[w]hile the FDIC maintains that the evidence supports the claims, the FDIC hereby forgoes its claims for [civil money penalties] … ." *Id*. Upon information and belief, upon any appeal from the ALJ's decision, the Board is not bound by this withdrawal and may levy civil money penalties.

41.      FDIC continues to seek legal penalties in the form of statutorily prescribed restitution. As per usual, the ALJ's decision agreed with the FDIC for whom she works. *See* Order No. 38 (attached as Ex. 1).

42.      Ponte is entitled to a declaratory judgment that the Enforcement Proceeding violates the Constitution, and, further, that the FDIC may not continue the enforcement action in any way. Further, Ponte is entitled to a stay of the Enforcement Proceeding or an injunction against the FDIC from continuing the Enforcement Proceeding pending a disposition of the constitutional claims presented in this Complaint.

## II.      THE FDIC'S ENFORCEMENT POWERS

43.      Congress has authorized the FDIC to examine or investigate banks and bankers. It also enforces a variety of federal banking laws and regulations. The FDIC is empowered by the Federal Deposit Insurance Act of 1950, as amended, (the "FDI Act"), to issue a "notice of charges" against an enforcement target, 12 U.S.C. § 1818(b)(l), to issue "cease-and-desist orders", 12 U.S.C. § 1818(b)-(d), to conduct hearings, 12 U.S.C. § 1818(h), to force banks to "correct conditions" resulting from violations of laws, 12 U.S.C. § 1818(b)(6), and to levy significant civil money

---

[4] This is its title rather than "Forgoing."

penalties for violations of applicable laws or regulations, 12 U.S.C. § 1818(i)(2).

44.    The most severe sanctions the FDIC can impose are "removal and prohibition" orders. 12 U.S.C. § 1818(e). A removal order operates to remove its subject from the bank-related offices specified by the FDIC in that order. 12 U.S.C. § 1818(e)(l)(C), (e)(4). These are in the nature of legal sanctions because they implicate an individual right of those subjected to them and not a public right.

45.    Section 8(e), 12 U.S.C. § 1818(e), of the FDI Act provides that, if the FDIC determines that a bank or its officer has "violated any law or regulation", engaged "in any unsafe or unsound practice", or otherwise breached a fiduciary duty, it may serve "a written notice of the agency's intention to remove such party from office or to prohibit any further participation by such party, in any manner, in the conduct of the affairs of any insured depository institution." 12 U.S.C. §§ 1818(e)(1)(A)(i)-(iii); *see also*, 12 U.S.C. § 1818(e)(1)(A)-(C), 12 U.S.C. 1818(e)(5) (defining the "institution-affiliated part[ies]" against whom enforcement proceedings may be instituted). These are in the nature of legal sanctions that implicate an individual right of those subjected to them and not a public right.

46.    Congress has also empowered the FDIC to seek a "civil money penalty" against an enforcement target. 12 U.S.C. § 1818(i). These are in the nature of legal sanctions that implicate an individual right of those subjected to them and not a public right.

47.    When the FDIC issues a notice to begin removal or prohibition proceedings, such as the Notice issued as against Ponte, that notice must both (i) "contain a statement of the facts constituting grounds" for the charges, and (ii) "fix a time and place at which a hearing will be held thereon". 12 U.S.C. § 1818(e)(4).

48.    In the context of the Enforcement Proceeding, the parties, here Ponte and the FDIC,

litigate in a "hearing" before an ALJ. 12 C.F.R. §§ 308.5(a) and 308.35.

49.     After the hearing concludes, the ALJ prepares a "recommended decision" for presentation to the FDIC's Board of Directors, which will include both "recommended findings of fact" and "recommended conclusions of law". 12 C.F.R. §§ 305(b)(8) and 308.38. Parties may then file "exceptions" to the ALJ's recommended decision with the FDIC's "Administrative Officer". 12 C.F.R. § 308.39. The Administrative Officer then refers the matter "to the Board of Directors for final decision". 12 C.F.R. § 308.40(a).

50.     At that point, the Board of Directors may either (i) "render a final decision", or (ii) "order[] that the action or any aspect thereof be remanded to the ALJ for further proceedings." 12 C.F.R. § 308.40(c)(2). If the FDIC "find[s] that any of the grounds specified in [the] notice have been established" based on its review of "the record made at [the] hearing", then the FDIC may issue orders of removal and/or prohibition. 12 U.S.C. § 1818(e)(4).

### III.   THE FDIC'S ALJs

51.     Federal law currently provides that the Board will have five members. 12 U.S.C. § 1812(a)(l).

52.     Three of those Board members are appointed by the President to fixed, six-year terms. 12 U.S.C. § 1812(c)(l). Those three appointed members of the FDIC are tenure-protected and may only be removed by the President for cause. *See Weiner v. United States*, 357 U.S. 349, 352-56 (1958); *Free Enter. Fund*, 561 U.S. at 487.

53.     Under current law, the President cannot remove a majority of the Board at will because three of its five members enjoy "for cause" protection.

54.     The FDIC participates in a unique "ALJ-sharing" arrangement.

55.     Section 916 of the Financial Institutions Reform, Recovery and Enforcement Act of 1989 required a specified group of Federal banking agencies" including the FDIC to "jointly ...

establish their <u>own</u> pool of administrative law judges" and "<u>develop</u> a set of uniform rules and procedures for administrative judges" applicable to adjudications before those ALJs. Pub. L. No. 101-73, 103 Stat. 183, 486 (emphasis added).

56.     These agencies "created" a new entity called the "Office of Financial Institution Adjudication" ("OFIA").

57.     There are currently two ALJs within OFIA: Whang and C. Scott Maravilla. Whang was appointed as an OFIA ALJ in or about 2019.

58.     Pursuant to the FDIC regulations, the "administrative law judge shall have all powers necessary to conduct a proceeding." 12 C.F.R. § 308.5(a). The ALJs utilized by the FDIC have authority to issue subpoenas, rule on the admissibility of evidence, regulate hearings, rule on a variety of procedural and substantive motions, and "do all other things necessary and appropriate to discharge the duties of an ALJ." 12 C.F.R. § 308.5(b)(2), (3), (5), (7) and (11).

59.     ALJs have "double for-cause" removal protections. If the President wanted to remove an ALJ used by the FDIC, the President would need to show cause to fire the ALJ, a majority of the MSPB, at least one appointee to the Board, a majority of the directors of the Board of Governors of the Federal Reserve System ("FRB"), and a majority of directors of the National Credit Union Administration. All of the directors of the FRB are tenure-protected and may only be removed for cause. 12 U.S.C. § 242. Similarly, the members of the MSPB can only be removed by the President for cause. 5 U.S.C. § 1202. Accordingly, the FDIC's ALJ system is unconstitutional.

### IV.     ENFORCEMENT PROCEEDING AGAINST PONTE

60.     On or about March 27, 2020, the FDIC issued an Order of Investigation (the "Order") regarding a regulated financial institution, IB, and certain purported institution-affiliated parties of IB. On multiple occasions beginning in or about May, 2020, the FDIC issued to and

14

served upon Ponte three separate sets of subpoenas *duces tecum* in connection with the FDIC's ongoing investigation.

61.     The FDIC referred the Enforcement Proceeding to OFIA, and it was assigned to Whang. The initial order in the Enforcement Proceeding was issued contemporaneously with the referral. The Enforcement Proceeding remains pending. At every turn, except when Enforcement Counsel requested a stay to assess the legal landscape after *Jarkesy*, the ALJ has ruled in favor of FDIC's position. An administrative adjudicatory hearing in the Enforcement Proceeding has been scheduled for October 15-25, 2024, in Providence, Rhode Island.

## STANDING

62.     Ponte has Article III standing to pursue the constitutional claims advanced herein.

63.     "To establish Article III standing, a Plaintiff must show" that he "has suffered" an "'injury in fact' that is 'fairly traceable' to the defendant[s'] conduct and would likely be 'redressed by a favorable decision.'" *Collins v. Yellen*, 594 U.S. 220, 242 (2021) (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992)).

64.     With respect to the injury-in-fact requirement, Ponte has suffered, is suffering, and will continue to suffer an injury-in-fact because of the Defendants' conduct, including the total ruination of Ponte's business, as well as a complete destruction of his personal and professional reputations upon the publication of the Notice and, crucially, because he is subject to an unconstitutional process that cannot be corrected by appeal.

65.     Being forced to endure the Enforcement Proceeding conducted by an inferior officer who is unconstitutionally protected from removal is itself an injury of constitutional dimension. Separation-of-powers problems related to the exercise of executive authority over a citizen create a "here-and-now" injury that is ripe as soon as the executive power is exercised (or as soon as its exercise is imminent). *Bowsher v. Synar*, 478 U.S. 714, 727 n.5 (1986); *Seila Law*,

591 U.S. at 212 (citing *Bowsher*, 478 U.S. at 727 n.5). Parties, such as Ponte, are clearly "entitled to declaratory relief sufficient to ensure that the [legal] standards to which they are subject will be enforced only by a constitutional agency accountable to the Executive." *Free Enter. Fund*, 561 U.S. at 513.

66.     The Enforcement Proceeding has inflicted, and is continuing to inflict, significant reputational injuries or harm upon Ponte, which cannot be remedied or remediated. The Notice and the FDIC's making the same publicly available have caused damage to Ponte's personal and professional reputations. These reputational injuries are injuries-in-fact for purposes of Article III standing. *See TransUnion LLC v. Ramirez*, 594 U.S. 413, 425 (2021); *Meese v. Keene*, 481 U.S. 465, 473-75 (1987).

67.     In addition, Ponte has incurred hundreds of thousands of dollars in legal fees, and been forced to expend an untold and enormous amount of time, effort and resources defending against the unconstitutional Enforcement Proceeding, as well as the FDIC investigation. Even more, certain lenders and investors have either terminated or suspended their business relationships with Ponte because of the Notice. This type of "pocketbook injury is a prototypical form of injury-in-fact." *Collins*, 594 U.S. at 243.

68.     Ponte has been denied his Seventh Amendment right to a jury trial, which is a structural error that plainly constitutes an injury-in-fact. *See Jarkesy*, 144 S. Ct. at 2127-39. Not only does he have no prospect of a jury but the FDIC can proceed with impunity knowing it will not have to face a jury. This strengthens the FDIC and weakens Ponte in exactly the way the Seventh Amendment was adopted to prevent.

69.     The damage is completely irreparable through an appeal process because being subject to the unconstitutional hearing process is the injury. Ponte can never get that time back nor

undo what has already occurred.

70.     Worse, it appears that when there is a conflict between the Constitution and the statute, Whang reasoned — contrary to *Marbury v. Madison*'s edict to "'say what the law is'" — that the statute applies to her and she is not empowered to convene a jury or cease the proceeding for that reason.  *See Loper Bright*, 144 S. Ct. at 2257 (quoting 1 Cranch 137, 177 (1803)). Hence the repeated denial of Ponte's right to a jury trial.

71.     There is a causal connection between Ponte's injuries and the Defendants' conduct. All of Ponte's injuries are directly attributable to and/or have been inflicted by the Defendants, and there is a clear causal connection between the Defendants' unlawful exercise of executive power over Ponte and the injuries he has suffered because of the Enforcement Proceeding. Had the Defendants never initiated the Enforcement Proceeding, Ponte would not have been forced to endure the harm of suffering through an unconstitutional agency proceeding. *Cf. Collins*, 594 U.S. at 243-44 (holding that policies implemented by Fannie Mae and Freddie Mac that adversely affected shareholders constituted a "pocketbook injury" that satisfies traceability).

72.     Ponte's injuries are, in fact, redressable through this lawsuit because this Court can and should declare that the structure of the FDIC and the removal protections for the FDIC's directors and the ALJs used by the FDIC violate the separation of powers and can prevent him being further subject to hearings and proceedings that are unconstitutional in the extreme.

73.     Ponte's injuries are also redressable through this lawsuit because the sanctions pursued by the FDIC are legal and harm Ponte's constitutional rights. This Court can and should further declare that Ponte is entitled to a jury trial. Post-*Jarkesy*, FDIC dropped its request for civil money penalties but maintained its request for statutory restitution. Despite the label of restitution, there is no equity involved here. Like the SEC in *Jarkesy*, under 12 U.S.C. § 1818(b)(6)(A) the

17

FDIC is not "obligated to use [statutory restitution] to compensate victims." *Jarkesy*, 144 S. Ct. at 2120. Further, restitution may be ordered if a "party was unjustly enriched in connection with [a] violation or practice" or "the violation or practice involved a reckless disregard for the law or any applicable regulations or prior order of the appropriate Federal banking agency." 12 U.S.C. § 1818(b)(6)(A).

74.     Moreover, this Court can and should enjoin the continuation of the Enforcement Proceeding which relief would terminate Ponte's injury of being exposed to an unlawful agency proceeding and terminate the related injuries associated with the ongoing expense of the proceeding. Such relief would also prevent future imminent injuries that will be inflicted by the FDIC, such as issuing a final order or decision potentially imposing sanctions of prohibition and/or civil money penalties.

### COUNT I - DECLARATORY JUDGMENT
### (THE FDIC IS UNCONSTITUTIONALLY STRUCTURED BECAUSE THE PRESIDENT CANNOT RENEW A MAJORITY OF ITS BOARD)

75.     Plaintiff incorporates by reference all the preceding material as though fully set forth herein.

76.     The operative questions for determining the constitutionality of removal protections for "Officers of the United States" are whether the officers are principal, as opposed to inferior and whether the agency "wields significant executive power." *Seila Law*, 591 U.S. at 204. If the answers to both of those questions are yes, the President must be able to fire the agency heads at will.

77.     The FDIC's Board of Directors fails this test.

78.     The Board of Directors of the FDIC are principal officers because the five-member Board is the head of the agency. *See* 12 U.S.C. § 1812(a)(l).

79.     Moreover, the FDIC plainly "wields significant executive power." Indeed, the

FDIC has an arsenal of executive powers, many of which closely resemble the classic examples of executive power detailed in the Supreme Court's *Seila Law* decision. For example:

   a.   The FDIC can unilaterally conduct administrative hearings, 12 U.S.C. § 1818, just as could the CFPB Director, *Seila Law*, 591 U.S. at 200, 207;

   b.   The FDIC can issue rules interpreting its enabling statues, 12 U.S.C. § 1828, just as could the CFPB Director, *Seila Law* LLC, 591 U.S. at 200, 218; and

   c.   The FDIC can seek (and here, has sought) to impose significant monetary penalties against a purported regulated party, 12 U.S.C. § 1818(i), just as could the CFPB Director, *Seila Law*, 591 U.S. at 219. That the FDIC now says it is seeking "restitution" and not monetary penalties does not change the nature of what it actually seeks.

   80.   Because the FDIC's Board of Directors are "principal" officers who serve as the head of an agency that "wields significant executive power," it would be unconstitutional for Congress to provide for-cause removal protections for members of the FDIC Board. But that is exactly what Congress did in 12 U.S.C. § 1812(c)(1). Fixed terms delineate only "for cause" removal. *See Weiner v. United States*, 357 U.S. 349, 352, 356 (1958); *Free Enterprise Fund v. PCAOB*, 561 U.S. 477, 487 (2010). That statute is therefore unconstitutional.

   81.   Ponte is entitled to a judgment under the Declaratory Judgment Act and Federal Rule of Civil Procedure 57 declaring that the FDIC is an unconstitutionally structured agency.

   82.   Ponte is entitled to an injunction barring the FDIC and its Board of Directors from proceeding in any way with the Enforcement Proceeding, including issuing any Final Decision in the Enforcement Proceeding, or otherwise taking any other action contemplated by 12 C.F.R. § 308.40(c)(2).

   83.   Absent this Court's intervention, Ponte will continue to be subjected to the unlawful

exercise of Executive Power by the FDIC. Ponte is not seeking through this lawsuit to retrospectively "unwind" anything the FDIC has already done; instead, he is seeking:

      a.  prospective temporary, preliminary, and permanent injunctions against the FDIC from continuing the Enforcement Proceeding; and

      b.  prospective temporary, preliminary, and permanent injunctions against the FDIC from exercising any executive power (by, *e.g.*, issuing a final decision or similar in the Enforcement Proceeding).

84.    Ponte does not seek to void the acts of any agency official, but instead merely seeks adjudication untainted by separation-of-powers violations. A declaratory judgment lawsuit of the type that Ponte has initiated herein is the only meaningful way to provide for a *bona fide* avenue of review insofar as Ponte challenges the agency's unimpeded control over the way it investigates and proceeds as against its targets.

### COUNT II - DECLARATORY JUDGMENT
### (THE ALJS USED BY THE FDIC ARE UNCONSTITUTIONALLY SHIELDED FROM REMOVAL)

85.    Plaintiff incorporates by reference all the preceding material as though fully set forth herein.

86.    Under *Lucia*, the ALJs used by the FDIC, including Whang, are "Officers of the United States." 585 U.S. at 237.

87.    Under *Free Enterprise Fund*, it is unconstitutional for an inferior officer of the United States to enjoy "dual for-cause" removal protection. 561 U.S. at 492.

88.    Because the ALJ's used by the FDIC are inferior officers of the United States who enjoy at least double for-cause removal protection, it is unconstitutional for them to act as adjudicators in administrative enforcement proceedings.

89.    Ponte is entitled to judgment under the Declaratory Judgment Act and Federal Rule

of Civil Procedure 57 declaring that the ALJs used by the FDIC enjoy an unconstitutional level of protection from removal.

90.     Absent this Court's intervention, Ponte will continue to be subjected to the exercise of unconstitutional executive power by Whang.

91.     Ponte is not seeking through this lawsuit to retrospectively "unwind" anything that Whang has already done; instead, he is seeking:

        a.   a prospective temporary, preliminary and permanent injunction against Whang and the FDIC from continuing the Enforcement Proceeding;

        b.   a prospective temporary, preliminary and permanent injunction against the FDIC from accepting any recommended decision or order from Whang, whether in whole or in part, given that any such decision or order would be the product of an inferior officer whose service is unconstitutional; and

        c.   a prospective temporary, preliminary and permanent injunction against the continued exercise of executive power by Whang, as would occur if, for example, the FDIC permitted further proceedings.

92.     Ponte is entitled to judgment under the Declaratory Judgment Act and Federal Rule of Civil Procedure 57 declaring that he is entitled to a constitutionally structured proceeding on a going-forward basis.

### COUNT III - DECLARATORY JUDGMENT (THE FDIC UNCONSTITUTIONALLY DEPRIVED PONTE OF HIS RIGHT TO A JURY TRIAL)

93.     Plaintiff incorporates by reference all the preceding material as though fully set forth herein.

94.     In *Jarkesy*, the Supreme Court was clear that cases sounding in common law fraud and seeking legal remedies, as this does, require a jury. *Jarkesy*, 144 S. Ct. at 2129. Here the FDIC

alleges Ponte made a material omission on a required form and has pled civil money penalties and statutory restitution. Material omissions are a classic example of a common law fraud allegation.

95.     That counsel for the FDIC has purported to withdraw FDIC's claim for second tier civil money penalties does not mean the Board is not free to issue such a penalty in the final order. And, FDIC has not forgone its arguments that it had a legal basis to bring the claim in the first instance, so its withdrawal is illusory. That the FDIC has, post-*Jarkesy*, forgone its "civil money penalty" demand to avoid the jury right guaranteed by the Seventh Amendment does not obviate that right.

96.     The FDI Act's multi-tier penalty statute is like the SEC's multi-tier penalty statute considered in *Jarkesy*. As in *Jarkesy*, the dividing "criteria" between tiers here is "legal in nature" and warrants a jury trial. *Jarkesy*, 144 S. Ct. at 2129.

97.     Civil monetary penalties are a "prototypical common law remedy." *Id.* And when such are sought, "the remedy is all but dispositive" and a jury is required. *Id.*

98.     Under the FDI Act, the FDIC is seeking statutory restitution. But that remedy request fails to separate Ponte from his jury right under *Jarkesy* because the statute, 12 U.S.C. § 1818(b)(6)(A), does not require FDIC to compensate victims. *See Jarkesy*, 144 S. Ct. at 2120. Most importantly, the FDIC is not required to return restitution to victims.

99.     Under § 1818(b)(6)(a), the FDIC can seek statutory restitution for unjust enrichment caused by a violative act or for acting with reckless disregard of the law or regulations.

100.    The FDIC's claims against Ponte, while nominally statutory, arise at common law. That is so because, pursuant to the Notice, the FDIC sought a civil money penalty (and other monetary relief) against Ponte. That it now calls the millions of dollars it seeks "restitution" does not make the FDIC's claims equitable. Restitution is also a remedy at law and the nature of the

restitution here is legal and not equitable.

101.    The substance of the action controls whether the jury trial right attaches. Stated another way, "the substance of the suit, not where it is brought, who brings it, or how it is labeled" controls. *Jarkesy*, 144 S. Ct. at 2136.

102.    As in *Jarkesy*, this case "is a common law suit in all but name." *Id.* The cause of action sounds in fraud because the FDIC alleges that Ponte willfully concealed purportedly material information from IB, even though Ponte himself did not conduct business with IB. As the Supreme Court observed, federal securities fraud and common law fraud claims "[b]oth target the same basic conduct: misrepresenting or concealing material facts." *Id.* at 2130. So too here.

103.    There is no "public right" at issue in this case. Ponte's right to engage in banking (which he did not do) is not one granted by the Government. All of the badges of common law fraud identified in the securities laws as requiring a jury are also true for the FDIC. *Id.* at 2130 (concealing material facts). "[M]atters concerning private rights may not be removed from Article III courts." *Id.* at 2132 (citing *Murray's Lessee v. Hoboken Land & Improvement Co.*, 18 How., 272, 284 (1855); *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 51-52 (1989)).

104.    For this reason, the FDIC and ALJ Whang's reliance on Congress' jurisdictional bar is unavailing. Congress cannot remove the jury right.

105.    Here, Congress did not create a new cause of action relevant to the Enforcement Proceeding. Indeed, claims involving requests for civil monetary penalties, and the like, are heard every day by federal courts sitting in diversity and by federal courts adjudicating liability under various state and federal statutory schemes.

106.    Ponte does not contend here that all FDIC enforcement proceedings must proceed via jury trials in federal court, but rather that a small sub-class of those proceedings (*i.e.*, those

where the FDIC seeks civil money penalties and to adjudicate private rights) must be tried in an

Article III court before a jury (assuming that the enforcement target elects a jury trial).

107.   Finally, the use of jury trials to adjudicate claims of the type that the FDIC is

pursuing against Ponte would not cause delay and would likely be quicker than in-house agency

action. In *Axon/Cochran* the agency had taken more than seven years. Undoubtedly a jury trial in

this Court would be much quicker than any final determination in the Enforcement Proceeding.

**COUNT IV - DECLARATORY JUDGMENT**
**(THE FDIC UNCONSTITUTIONALLY DEPRIVED PONTE**
**OF HIS DUE PROCESS RIGHTS)**

108.   Plaintiff incorporates by reference all the preceding material as though fully set

forth herein.

109.   Due process of law requires a fair trial in a fair and unbiased tribunal capable of

applying constitutional protections like jury trials and separation of the prosecutorial and

adjudicative functions.

110.   As described above, the FDIC's in-house adjudication process is systematically

biased and unfair. The FDIC determines the charges, prosecutes them, and then the FDIC's Board

reviews and finalizes those determinations.

111.   By prosecuting Ponte in such a systematically biased and unfair proceeding,

Defendants are violating, and unless enjoined will continue to violate, the Due Process Clause of

the Fifth Amendment to the Constitution.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests the following relief:

a.   A preliminary and permanent injunction barring Defendants from continuing the

proceedings against him before the ALJ.

b.   A declaration that Defendants do not have jurisdiction over Plaintiff.

c.  A declaration that the FDIC Board protections violate the Take Care Clause?

d.  A declaration that the OFIA ALJ protections are unconstitutional.

e.  A declaration that FDIC's pursuit of restitution entitles Ponte to a jury trial

f.  A declaration that the FDIC proceeding violates Ponte's due process rights.

g.  An award for all reasonable attorneys' fees and costs incurred herein and that Plaintiff may be entitled to under law.

h.  Such other relief as this Court deems just and proper.


Dated: August 15, 2024

                        Respectfully submitted,

                        */s/ John J. Vecchione*
                        John J. Vecchione (DC Bar #431764)
                        NEW CIVIL LIBERTIES ALLIANCE
                        1225 19th Street NW, Suite 450
                        Washington, DC 20036
                        (202) 869-5210
                        John.Vecchione@NCLA.legal

                        *Counsel for John C. Ponte*

## VERIFICATION

I, John Ponte, am the Plaintiff in this action, and I have read this Complaint. I verify under penalty of perjury that the foregoing is true and correct. Executed on 15th day of August, 2024.

John Ponte

26

# CIVIL COVER SHEET

JS-44 (Rev. 11/2020 DC)

## I. (a) PLAINTIFFS

## DEFENDANTS

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
**(EXCEPT IN U.S. PLAINTIFF CASES)**

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
**(IN U.S. PLAINTIFF CASES ONLY)**
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

ATTORNEYS (IF KNOWN)

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government Plaintiff
○ 2 U.S. Government Defendant
○ 3 Federal Question (U.S. Government Not a Party)
○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
**(Place an X in one category, A-N, that best represents your Cause of Action and one in a corresponding Nature of Suit)**

○ **A. Antitrust**

410 Antitrust

○ **B. Personal Injury/ Malpractice**

310 Airplane
315 Airplane Product Liability
320 Assault, Libel & Slander
330 Federal Employers Liability
340 Marine
345 Marine Product Liability
350 Motor Vehicle
355 Motor Vehicle Product Liability
360 Other Personal Injury
362 Medical Malpractice
365 Product Liability
367 Health Care/Pharmaceutical Personal Injury  Product Liability
368 Asbestos Product Liability

○ **C. Administrative Agency Review**

151 Medicare Act

**Social Security**
861 HIA (1395ff)
862 Black Lung (923)
863 DIWC/DIWW  (405(g))
864 SSID Title XVI
865 RSI (405(g))
**Other Statutes**
891 Agricultural Acts
893 Environmental Matters
890 Other Statutory Actions (If Administrative Agency is Involved)

○ **D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

**\*(If Antitrust, then A governs)\***

○ **E. General Civil (Other)**   OR   ○ **F. Pro Se General Civil**

**Real Property**
210 Land Condemnation
220 Foreclosure
230 Rent, Lease & Ejectment
240 Torts to Land
245 Tort Product Liability
290 All Other Real Property

**Personal Property**
370 Other Fraud
371 Truth in Lending
380 Other Personal Property Damage
385 Property Damage Product Liability

**Bankruptcy**
422 Appeal 28 USC 158
423 Withdrawal 28 USC 157

**Prisoner Petitions**
535 Death Penalty
540 Mandamus & Other
550 Civil Rights
555 Prison Conditions
560 Civil Detainee – Conditions of Confinement

**Property Rights**
820 Copyrights
830 Patent
835 Patent – Abbreviated New Drug Application
840 Trademark
880 Defend Trade Secrets Act of 2016 (DTSA)

**Federal Tax Suits**
870 Taxes (US plaintiff or defendant)
871 IRS-Third  Party 26 USC 7609

**Forfeiture/Penalty**
625 Drug Related Seizure of Property 21 USC 881
690 Other

**Other Statutes**
375 False Claims Act
376 Qui Tam (31 USC 3729(a))
400 State Reapportionment
430 Banks & Banking
450 Commerce/ICC Rates/etc
460 Deportation
462 Naturalization Application

465 Other Immigration Actions
470 Racketeer Influenced & Corrupt Organization
480 Consumer Credit
485 Telephone Consumer Protection Act (TCPA)
490 Cable/Satellite TV
850 Securities/Commodities/ Exchange
896 Arbitration
899 Administrative Procedure Act/Review or Appeal of Agency Decision
950 Constitutionality of State Statutes
890 Other Statutory Actions (if not administrative agency review or Privacy Act)

| ○ **G.** *Habeas Corpus/ 2255* | ○ **H.** *Employment Discrimination* | ○ **I.** *FOIA/Privacy Act* | ○ **J.** *Student Loan* |
|---|---|---|---|
| **530** Habeas Corpus – General<br>**510** Motion/Vacate Sentence<br>**463** Habeas Corpus – Alien Detainee | **442** Civil Rights – Employment (criteria: race, gender/sex, national origin, discrimination, disability, age, religion, retaliation)<br><br>***(If pro se, select this deck)*** | **895** Freedom of Information Act<br>**890** Other Statutory Actions (if Privacy Act)<br><br><br>***(If pro se, select this deck)*** | **152** Recovery of Defaulted Student Loan (excluding veterans) |
| ○ **K.** *Labor/ERISA (non-employment)* | ○ **L.** *Other Civil Rights (non-employment)* | ○ **M.** *Contract* | ○ **N.** *Three-Judge Court* |
| **710** Fair Labor Standards Act<br>**720** Labor/Mgmt. Relations<br>**740** Labor Railway Act<br>**751** Family and Medical Leave Act<br>**790** Other Labor Litigation<br>**791** Empl. Ret. Inc. Security Act | **441** Voting (if not Voting Rights Act)<br>**443** Housing/Accommodations<br>**440** Other Civil Rights<br>**445** Americans w/Disabilities – Employment<br>**446** Americans w/Disabilities – Other<br>**448** Education | **110** Insurance<br>**120** Marine<br>**130** Miller Act<br>**140** Negotiable Instrument<br>**150** Recovery of Overpayment & Enforcement of Judgment<br>**153** Recovery of Overpayment of Veteran's Benefits<br>**160** Stockholder's Suits<br>**190** Other Contracts<br>**195** Contract Product Liability<br>**196** Franchise | **441** Civil Rights – Voting (if Voting Rights Act) |

**V. ORIGIN**

○ **1** Original Proceeding ○ **2** Removed from State Court ○ **3** Remanded from Appellate Court ○ **4** Reinstated or Reopened ○ **5** Transferred from another district (specify) ○ **6** Multi-district Litigation ○ **7** Appeal to District Judge from Mag. Judge ○ **8** Multi-district Litigation – Direct File

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

| **VII. REQUESTED IN COMPLAINT** | CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23 | **DEMAND $**<br>**JURY DEMAND:** | Check YES only if demanded in complaint<br>YES        NO |
|---|---|---|---|
| **VIII. RELATED CASE(S) IF ANY** | (See instruction) | YES        NO | If yes, please complete related case form |

DATE: _____    SIGNATURE OF ATTORNEY OF RECORD _____

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
**Authority for Civil Cover Sheet**

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and services of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the cover sheet.

**I.** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff if resident of Washington, DC, 88888 if plaintiff is resident of United States but not Washington, DC, and 99999 if plaintiff is outside the United States.

**III.** CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

**IV.** CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of the case.

**VI.** CAUSE OF ACTION: Cite the U.S. Civil Statute under which you are filing and write a brief statement of the primary cause.

**VIII.** RELATED CASE(S), IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.